O’Neall, J.
delivered the opinion of the Court.
The first question in this case, is that which is made by the City attorney, on the question whether the buildings and machinery of the relators, upon leased land, can be assessed for taxation. That they can be, under a properly worded Ordinance, is not and cannot be denied. But whether under the Ordinance now before us they are so liable, is another question. The Ordinance of’44, which is that under which the assessment is made, provides that “every house, building, lot, wharf or other land or estate ; also every building, house and improvement, owned, erected or held by any individual or individuals on land under a lease for a term of five or more years, from a religious, charitable or literary society, shall be and is hereby made liable to a tax of forty five cents on every hundred dollars of the full value thereof.”
What is meant by the words, house, building ? Do they mean the house or building as separate from the ground on which they respectively stand: or do they comprehend it 1 I think the construction might be either way, were it not for the other words used, “or other landed estate.” These show *398 that the previous words must have been used in the same sense, as descriptive of different kinds of “landed estate.” If this be true, then the words house or building mean an improved lot of land, as contradistinguished from “lot,” another designation of land, made by the Ordinance. The subsequent part of the Ordinance, making liable to taxation buildings standing on land not liable to taxation, strengthens much this view. I am therefore satisfied with the decision of the Judge below on this point.
The next and only other question which I propose to consider is whether the relators were liable to be double taxed for not returning their income. They began their business in January, 1845. It is under the tax Ordinance of 1845, passed in March, that they are supposed to be liable. The 5th sec. of the Ordinance of ’44 defines this matter of income, which is liable to future taxation. It declares, “all the gross profit or gross income, arising from the pursuit of any faculty, profession or occupation, trade or employment, or from the purchase of bonds, (except those hereafter excepted,) whether in the profession of the law, the profits derived from the costs of suit, counsel fees, or other sources of professional income, and on the amount of commission's received by ven-due masters, or other persons vending goods, wares or merchandize, or real and personal property on commission, shall be liable to a tax of fifty cents on every hundred dollars: provided, however, that nothing herein contained shall be so construed as to subject to taxation the profit or income of any mechanic arising from the work and labor of the particular trade he pursues,” &c. What is meant by “gross profit or gross income arising,” &c ? Do they mean the gross profit or gross income arising in the current year; or do they mean the gross profit or gross income arising from the business of the past year ? This last is, I am persuaded, the true meaning of the words, in every way in which they can be considered. What is profit or income ; some possibility yet to arise; or something which has been realized? Can there be two opinions about it ? Many engage in business, like the relators, and expect to realize wealth, when, instead of it, they experience loss ! Is it gross profit or income to be $600 less than all the receipts? Neither the Judge below, nor the City attorney, has maintained such a proposition. Indeed any one who would talk of such a result being profit or income, would be wiser or madder than all the rest of his race.
Take the words of the Ordinance; they in every instance import a past and not a future sense. The profit or income arising from the pursuit of any faculty, profession or occupation, trade or employment, whether in the profession of the law the profits be derived from the costs of suit, counsel fees *399 or other sources of professional income, is declared liable to the tax. Let us pause here for a moment; how can there be income to be derived from costs of suit, counsel fees or other' sources of professional income hereafter to arise? We may-very well know how much a lawyer in the past year may have received from tax costs, counsel fees, or conveyancing. But what income he is to have from cases to be brought, advice to be given, or conveyances to be prepared, is too much an affair of guess, and depending on other wills than his own, to be called income! Again, the tax is to be on gross profit and income “on the amount of commissions received by vendue masters or other persons vending goods, wares or merchandize, or real and personal property on commission.” How is this to be ascertained. The Ordinance tells us it is on the commissions received and not on those to be received. In another portion of this section, the tax is to be levied on the gross profit, and income, “from the purchase of bonds.” What is meant, bonds to be bought, or on bonds bought ? clearly, purchase, means, title acquired. The only word, in the whole section, which does not indicate a past sense, is the word “arising.” That might, if a tax could be levied on every tittle of income as it arose, import a present sense. But such cannot be; and it may have been used in a past, as well as a future sense. It may be considered that the council used it in this sense, “gross profit or income of the past year, arising from the pursuit,” <fcc. This is no strained meaning of the words, and may be very well adopted.
1 McMull. 410.
Taxes both in the State and City are levied on persons and property in a past sense. The fiscal year of the State begins the 1st of October, that of the City the first of January. Whatever is liable to taxation, found in the hands of any one, at either of these periods, is to be returned. Real and personal property is so returned, and so must income be returned, under the Ordinance of the City. It is the income of the past year, realized and ascertained before the first of January of the current year, which can be returned ; and if this be not done, within the time required by law, the City assessor may assess, and a double tax follows. But these re-lators had no income to return. They began their business after the time to which the tax relates. The case of Carter v. Burger, tax collector, is an authority of our Court in the last resort, that a tax may be levied of future operations, if the words clearly shew that was the intention, otherwise it would be levied, as is usual, of what has been done in the past year. In this case, there are no words which shew that the City intended to levy a tax on a conjectural estimate of what might be a man’s profits, in his business for the current year.
These views dispose of the whole subject in controversy; *400 it is therefore thought better to end it, by setting aside the verdict, and ordering the writ of prohibition, which is accordingly done.
Richardson, J. — Evans, J. — and Withers, J. — concurred.